FILED
CLERK, U.S. DISTRICT COURT
FEB - 7 2014
CENTRAL DISTRICT OF CALIFORNIA
BY ___ DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| THR CALIFORNIA L.P.., A DELAWARE LIMITED PARTNERSHIP, <br><br> Plaintiff, <br><br> v. <br><br> RAFAEL ACEVEDO, AND AND DOES 1 THROUGH 10, <br><br> Defendants. | NO. CV 14-492-UA (DUTYx) <br><br> **ORDER SUMMARILY REMANDING** <br><br> **IMPROPERLY-REMOVED ACTION** |

The Court summarily remands this unlawful detainer action to state court because defendant MARIA ANGUIANO ("Defendant") removed it improperly.

On January 22, 2014, Defendant, having been sued as a Doe defendant[1] in what appears to be a routine unlawful detainer action in California state court, lodged a Notice of Removal of that

---

[1] Although Defendant MARIA ANGUIANO was not named as a defendant in the state court complaint, she filed a prejudgment claim of right to possession in connection with the state court complaint on January 16, 2014. (See Notice).

action to this Court and also presented an application to proceed <u>in forma pauperis</u>. The Court has denied the latter application under separate cover because the action was not properly removed. To prevent the action from remaining in jurisdictional limbo, the Court issues this Order to remand the action to state court.

Under 28 U.S.C. § 1331, district courts "have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Federal jurisdiction is presumed absent unless defendant, as the party seeking to invoke the court's jurisdiction, shows that plaintiff has either alleged a federal cause of action, <u>American Well Works Co. v. Layne & Bowler Co.</u>, 241 U.S. 257, 260 (1916), a state cause of action that turns on a substantial dispositive issue of federal law, <u>Franchise Tax Board v. Construction Laborers Vacation Trust</u>, 463 U.S. 1, 9 (1983), or a state cause of action that Congress has transformed into an inherently federal cause of action by completely preempting the field of its subject matter. <u>Metropolitan Life Ins. Co. V. Taylor</u>, 481 U.S. 58, 65 (1987). Under 28 U.S.C. § 1332(a), "district courts also have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different states." <u>See also</u> <u>Matheson v. Progressive Specialty Ins. Co.</u>, 319 F.3d 1089, 1090 (9th Cir. 2003).

Defendant's notice of removal only asserts that removal is

2

1  proper based upon federal question jurisdiction alleging that the
2  complaint was based on a defective notice under 12 U.S.C. § 5220.
3  (Notice at 3-4). However, the underlying unlawful detainer action
4  does not raise any federal legal question. Nor does it appear that
5  federal law is a necessary element of any of plaintiff's claims.
6  See Wells Fargo Bank v. Lapeen, No. C 11-01932 LB, 2011 WL 2194117,
7  *3 (N.D. Cal. June 6, 2011) ("an unlawful detainer action, on its
8  face, does not arise under federal law but is purely a creature of
9  California law," citing Wescom Credit Union v. Dudley, No. CV 10-
10 8203-GAF (SSx), 2010 WL4916578, *2 (C.D. Cal. Nov. 22, 2010)
11 (remanding an action to state court for lack of subject matter
12 jurisdiction where plaintiff's complaint contained only an unlawful
13 detainer claim). Moreover, "'the existence of a defense based upon
14 federal law is insufficient to support federal-question
15 jurisdiction.'" Hall v. North American Van Lines, Inc., 476 F.3d
16 683, 687 (9th Cir. 2007) (quoting Wayne v. DHL Worldwide Express,
17 294 F.3d 1179, 1183 (9th Cir. 2002).

19     Defendant also asserts removal based upon diversity
20 jurisdiction based upon her allegation that plaintiff is "a foreign
21 Corporation from the State of Delaware(DE) doing business in
22 California without a business License." (See Notice at 2). These
23 assertions, however, fail to sufficiently allege complete diversity
24 of citizenship between the parties. The diversity jurisdiction
25 statute refers to citizenship and whether or not plaintiff is
26 authorized to conduct business in the state of California is not

3

determinative of state citizenship. "[A] partnership is a citizen of all of the states of which its partners are citizens." Johnson v. Columbia Properties Anchorage LP, 437 F.3d 894, 899 (9th Cir. 2006). Because defendant has not adequately alleged her own citizenship or the citizenship of plaintiff's partners, the court is unable to conclude that § 1332(a)'s complete diversity requirement has been met. Furthermore, even if defendant was able to allege that complete diversity of citizenship exists between the parties, defendant fails to address, much less satisfy, the requirement that the amount in controversy exceed $75,000. See 28 U.S.C. § 1332(a). On the contrary, unlawful-detainer complaint recites that the amount in controversy does not exceed $10,000 and the prayer for relief seeks damages of $73.33 per day beginning February 15, 2013 for the reasonable value of the use and occupation of the property. (Notice, Exh. A).

Therefore, the Court lacks subject matter jurisdiction over the instant action and removal of this action is improper. See 28 U.S.C. § 1441(a); Exxon Mobil Corp v. Allapattah Svcs., Inc., 545 U.S. 546, 563 (2005).

Defendant is further notified and warned that any subsequent attempts to remove the underlying state unlawful detainer action to this Court will be improper and will constitute vexatious conduct that the Court will address by way of punitive remedial measures, which may include having defendant designated as a vexatious

4

litigant and barred from commencing any further removal actions with respect to the underlying state unlawful detainer action.

Accordingly, IT IS ORDERED that (1) this matter be REMANDED to the Superior Court of California, County Of Los Angeles, 9425 Penfield Avenue, Chatsworth, California 91311, for lack of subject matter jurisdiction pursuant to 28 U.S.C. § 1447(c); (2) that the Clerk send a certified copy of this Order to the state court; and (3) that the Clerk serve copies of this Order on the parties.

IT IS SO ORDERED.

DATED: 1/31/14

_____
GEORGE H. KING
CHIEF UNITED STATES DISTRICT JUDGE